Daniel, Judge,
 

 after stating the facts as above, proceeded : — The bill of sale, transferred to the defendant, all the interest in the slave Charlotte, during the life of Joanna Surginor, and on her death two-eighths of the remainder in said slave. The defendant therefore, on the death of Mrs. Surginor, became tenant in common of the slave with the plaintiffs. The law having fixed and established the rights of the parties, the defendant could not alter the relation in which he stood to the plaintiffs, by •denying their title, or.claiming adversely to them. In
 
 Smith
 
 v.
 
 Oriell,
 
 1 East’s Rep. 367, it was decided, that after the bankruptcy of one of two partners, if the other, being solvent, delivers partnership goods to a third person for a valuable consideration, the assignees of the former cannot maintain trover, for they are tenants in common with the consignee by relation. The same doctrine is to be found in
 
 Fox
 
 v.
 
 Hanburg, 2
 
 Cowp. Rep. 445.
 
 Ramsbottom
 
 v.
 
 Lewis,
 
 1 Camp. Rep. 279.
 
 Smith
 
 v.
 
 Stokes,
 
 1 East’s Rep. 363. The law, for reasons of policy, and on account of the difficulty of legislating on the subject, does not interfere to regulate the enjoyment of chattels amongst part owners, except in the instance of ships, to prevent-•their being unemployed. Abbott’s Shipping, 70. If one
 
 *254
 
 of two tenants in common take the whole into his possession, the other has no remedy at common law, but to take the joint property from him who has done the wrong, when he can do so without a breach of the peace. Litt. sec. 123; and per Lord Coke, Co. Litt. 202 a.
 
 Brown
 
 v.
 
 Hedges,
 
 1 Salk. 290. The reason why one tenant in common cannot maintain trover against a co-tenant, seems to be, that the possession by one is in law the possession of both. 1 Salk. 290. The defendant in this case obtained the possession rightfully and not tortiously. This Court, in the case of
 
 Lucas
 
 v.
 
 Wasson,
 
 3 Dev. Rep. 398, decided that joint tenants of a chattel have equal rights to its possession, and cannot maintain trover against each other, unless the joint property is destroyed. We are of the opinion that the judge was mistaken as to the law in his charge; and that there must be a new trial.
 

 The case of
 
 Lucas
 
 v.
 
 Wasson,
 
 3 Dev. 398, approved.
 

 Per Curiam. Judgment reversed.